# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

BRINDA A. ANDERSON,

           Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

Case No: 2:14–cv–01289–RFB–VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Brinda Anderson's appeal from Defendant Carolyn W. Colvin's final decision denying Plaintiff social-security benefits. (Compl. (#3) at 2–3[1]). Plaintiff claimed a disability based on "mental problems" including an affective disorder, mood disorder, anxiety disorder, and personality disorder (Admin. Rec. at 35). Before the court is Plaintiff's Motion to Remand (#17). In response, Defendant filed an Opposition (#18) and Cross Motion to Affirm (#19). Plaintiff filed a Reply to Defendant's Opposition (#20) and Opposition to the Cross Motion. (#21). For the reasons stated below, the court recommends denying Plaintiff's Motion to Remand and granting the Defendant's Motion to Affirm.

## BACKGROUND

      On April 20, 2011, Plaintiff Brinda Anderson applied for supplemental security income. (Admin. Rec. at 95-96). Plaintiff's application was denied initially on November 17, 2011 and upon reconsideration on April 30, 2012. (*Id*. at 106-109, 113-115). Administrative Law Judge ("ALJ") Barry H. Jenkins held a hearing on January 18, 2013. (*Id*. at 54-94). On February 20, 2013. the ALJ issued an

---

[1] Parenthetical citations refer to the court's docket or the administrative record.

unfavorable decision finding that Plaintiff had not been disabled since the date her application was filed. (*Id*. at 29-39). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 16, 2014. (*Id*. at 1-7). On August 7, 2014, Plaintiff commenced this action for judicial review by filing an Application for Leave to Proceed *in forma pauperis.* (#1). The Application was granted (#2), and the Complaint was filed on August 12, 2014. (#3).

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining more than "a mere scintilla" of

evidence).

If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Plaintiff appeals the Commissioner's decision on two grounds, both related to determining Plaintiff's Residual Functional Capacity. First, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ "failed to properly evaluate the medical evidence in assessing [Plaintiff's] RFC…[by failing] to set forth legally sufficient reasons for discounting the opinions of Miles Morgan, PsyD., the consultative examiner in favor of the opinions of Mark Richman, M.D., the non-examining, non-treating state agency reviewing physician." (Pl.'s Mot. to Remand (#17) at 6:14–19). Second, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because "the ALJ failed to articulate sufficient reasons to find Brinda Anderson not credible." (*Id*. at 9:11–12).

**I.**     **Determining Residual Functional Capacity under the Social Security Act**

To qualify for benefits under the Social Security Act, a claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

Initially, step four—the only relevant step here—requires a determination of the claimant's residual functional capacity. *See* 20 C.F.R. §§ 404.1520(e); 416.920(e). Residual functional capacity is a function-by-function assessment of the claimant's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In laymen's terms, it is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a). Residual functional capacity is comprised of a claimant's physical abilities, mental abilities and other impairments. *Id*. It is divided into five exertional categories: (1) sedentary, (2) light, (3) medium, (4) heavy, and (5) very heavy. 20 C.F.R. § 404.1567. In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Social Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted); *see also Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (holding that whether substantial evidence supports a finding is determined from the record as a whole).

## II.     Whether the Commissioner's Decision to Discount Dr. Morgan's Opinion was Erroneous

The court finds that the Commissioner's decision to discount Dr. Morgan's opinion was supported by substantial evidence. The Commissioner assigned Dr. Morgan's opinion "some weight" because he had the "opportunity to examine and question" the Plaintiff. (Admin. Rec. at 37). However, the Commissioner did not accept Dr. Morgan's conclusions to the extent that they were internally inconsistent or relied exclusively on the Plaintiff's representations. (*Id*. at 34-37). In addition, the Commissioner gave "great weight" to the opinion of Dr. Richman, whose conclusions conflicted with the opinions of Dr. Morgan. (*Id*. at 37).

Dr. Morgan concluded that Plaintiff is "incapable of interacting with co-workers, supervisors, and the public" while also noting that the Plaintiff "goes to church occasionally, visits with her mother,

relies on her roommate for financial and social assistance, rides the bus, goes to group therapy, and cares for her grandchildren." (*Id.*) Plaintiff argues that these statements are not contradictory because "[t]hese activities, with the exception of riding the bus, demonstrates that [Plaintiff] is able to interact with people she feels comfortable with. As with riding the bus, there is no evidence of record that she is interacting with anyone." (Pl.'s Reply to Resp. to Mot. to Remand (#20) at 4:16-19).

The court disagrees with Plaintiff's reading. A reasonable fact finder could easily conclude that church meetings, busses, and group therapy sessions contain members of the public that Plaintiff interacts with. Dr. Morgan does not distinguish between subsets within the community, merely stating that Plaintiff cannot interact with the "general public." (Admin. Rec. at 291). Additionally, even if the use of "general public" is ambiguous and allows multiple analyses, the Commissioner's interpretation of the term prevails. *See Burch*, 400 F.3d at 679 (stating that if the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation).

The Commissioner also discounted Dr. Morgan's opinion to the extent that it relied exclusively on representations by the Plaintiff. (Admin. Rec. at 37). Dr. Morgan wrote several times that Plaintiff's emotions appeared to be contrived or exaggerated. (*Id.*). Dr. Morgan conditioned several of his conclusions on Plaintiff's "presentation during the current evaluation" and whether the Plaintiff "genuinely is experiencing these heightened periods of affect." (*Id.* at 291). These conclusions rely on the Plaintiff's credibility rather than Dr. Morgan's medical judgment. For reasons discussed more fully below, the Commissioner found the Plaintiff to not be credible. Therefore, Dr. Morgan's conclusions based on Plaintiff's representation were rightfully discounted. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (holding that a report based on exaggerated self-reporting was unreliable).

The Commissioner also correctly determined that Dr. Morgan's opinion of disability was inconsistent with the record's other medical opinions. (Admin. Rec. at 37). Dr. Morgan concluded that

Plaintiff was "mildly to moderately impaired in her ability to perform work on a full-time sustained basis." (*Id*. at 36). Dr. Richman concluded that Plaintiff had "mild limitations in concentration, persistence, and pace." (*Id*. at 37). The Commissioner placed greater weight on Dr. Richman's opinion because of his expert status as a psychiatric consultant and because nothing of record contradicted his opinion. (*Id.*) Dr. Richman gives detailed notes about the conclusions he reached. (*Id*. at 297).[2] He takes into account Dr. Morgan's opinion and other medical reports. (*Id.*) Dr. Richman's opinion provides substantial evidence in support of the Commissioner's decision to discount portions of Dr. Morgan's opinion. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

### III.   Whether the Commissioner Articulated Sufficient Reasons to Discredit Plaintiff's Testimony

The Commissioner must engage in a two-step analysis when evaluating credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal citations omitted).

---

[2] The Commissioner did not cite to this particular page in his determination, but it is incorporated by reference on page 310 of the Administrative Record, which the Commissioner did cite to. (Admin. Rec. at 37).

The ALJ found objective evidence of Plaintiff's claimed disability. (Admin. Rec. at 35). The ALJ further found that Plaintiff engaged in "apparent malingering during the evaluation process." (Admin. Rec. at 36). This court finds that there was substantial evidence of Plaintiff malingering. Dr. Morgan stated several times that Plaintiff's emotions during the examination appeared to be "contrived," "dramatic," and "exaggerated." (*Id*. at 287, 291). Dr. Morgan wrote that Plaintiff "does not appear to put forth adequate effort." (*Id*. at 288). Dr. Richman agreed with these findings. (*Id*. at 297). Finding affirmative evidence of malingering may be sufficient grounds to reject Plaintiff's statements without further evaluation by the Commissioner. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) ("Benton had to produce objective medical evidence of her impairments and show that the impairments could reasonably be expected to produce some degree of the alleged symptoms. The ALJ could then reject her testimony only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so.")

In addition to finding affirmative evidence of malingering, the Commissioner listed specific, clear, and convincing reasons for finding that the Plaintiff was not credible. (Admin. Rec. 34-37). Plaintiff made contradictory statements about cocaine use. (*Id*. at 35). Plaintiff "reported ongoing stress and depression " but "consistently exhibited good focus and concentration, normal speech, good eye contact, appropriate affect, and denied thoughts of self-harm or harm to others." (*Id*.) Plaintiff's symptoms are exacerbated when she is not on medication, but Plaintiff takes medication inconsistently. (*Id*. at 35-36). She has been warned about marijuana use's effect, but has reported ongoing use to clinicians. (*Id*.). "If a claimant complains about disabling pain but fails to…follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (citing *Orn v. Astrue,* 495 F.3d at 638).

The Commissioner's evaluation of Dr. Morgan's opinion and Plaintiff's credibility is supported by substantial evidence. Therefore, the court finds that the Commissioner's decision to deny Plaintiff social security benefits should not be overturned.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion to Remand (#17) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Cross Motion to Affirm (#19) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 19th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE