UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRINDA A. ANDERSON,<br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　　　　　　　　　Defendant. | Case No. 2:14-cv-01289-RFB-VCF<br><br>**Order Granting Defendant's Cross Motion to Affirm (ECF No. 19) and Denying Plaintiff's Motion to Remand (ECF No. 17).** |

## I.　　INTRODUCTION

The matter before the Court is the Plaintiff Brinda Anderson's Motion for Reversal and/or Remand. ECF No. 17. Additionally before the Court is a Cross Motion to Affirm, filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Commissioner"). ECF No. 19. On March 19, 2015, Magistrate Judge Cam Ferenbach issued a Report and Recommendation (ECF No. 22) recommending that Defendant's Cross Motion should be granted. Plaintiff timely objected (ECF No. 23), and Defendant filed a response (ECF No. 24). For the reasons discussed below, the Court accepts the Report and Recommendation, grants Defendant's Cross Motion to Affirm, and denies Plaintiff's Motion for Reversal and/or Remand.

## II.　　BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. See ECF No. 22.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); D. Nev. R. IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Here, Plaintiff filed an objection to the Report and Recommendation which recommended granting the Commissioner's Motion to Affirm. Accordingly, the Court will conduct a *de novo* review.

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an Administrative Law Judge's (ALJ's) "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759

F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Id. at 1011. Here, the ALJ resolved Anderson's claim at step four. AR 32. At step four, the ALJ considers the assessment of the claimant's residual functional capacity ("RFC") as well as the claimant's capability of performing past relevant work. Garrison, 759 F.3d at 1010. RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1). If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. at 1039. When determining assigning weight and resolving conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012-13.

When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F. 3d at 1014-15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035-36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The claimant does not need to produce evidence of

the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison at 1014-15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

In the event the ALJ erred, the Court may remand for additional administrative proceedings when development of the record would be useful. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). However, when "further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Id. Reversal and remand for the calculation and award of benefits is appropriate when "it is clear from the administrative record that the ALJ would be required to award benefits" after crediting as true evidence rejected by the ALJ. Garrison, 759 F.3d at 1019. The Court should credit evidence rejected by the ALJ as true and remand for the calculation and award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and, (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593. When the ALJ errs but the validity of the ALJ's conclusion is not affected, the error is deemed harmless and reversal is inappropriate. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

### IV. DISCUSSION

Plaintiff appeals the ALJ's report on two grounds, both related to the fourth step of the evaluation procedure, in which the ALJ assesses the determination of the claimant's RFC compared with prior work to see if the claimant is able to perform his or her prior work. 20 C.F.R. § 404.1520(4)(iv). The ALJ determined at this step that Plaintiff's statements about the

severity of her condition were not fully credible, and that the doctor's opinion in the record that said she was not capable of working should not be given controlling weight. AR 34-37. First, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to set forth "legally sufficient reasons for discounting the opinions of Miles Morgan, PsyD., the consultative examiner, in favor of the opinions of Mark Richman, M.D., the non-examining, non-treating state agency reviewing physician." ECF No. 17. Second, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to articulate sufficient reasons to find Plaintiff not credible. Id.

After review of the record, the parties' briefs, and Judge Ferenbach's Report and Recommendation, the Court concludes that substantial evidence exists to support the ALJ's decision denying Plaintiff's claim for benefits. The record contains substantial evidence to support the ALJ's decision and the ALJ provided specific and legitimate reasons for assigning greater weight to Dr. Richman's opinion over that of Dr. Morgan, as well as sufficient reasons for finding Plaintiff not credible. Accordingly, the Court accepts the Report and Recommendation (ECF No. 22), denies Plaintiff's Motion for Reversal and/or Remand (ECF No. 17), and grants the Commissioner's Cross Motion to Affirm (ECF No. 19).

**A. Consideration of the Doctors' Opinions**

Plaintiff first argues that the ALJ failed to set forth legally sufficient reasons for discounting an examining doctor's opinions in favor of a non-treating, non-examining doctor. The ALJ assigned greater weight to the opinion of Dr. Mark Richman, a non-examining, non-treating physician, over the opinion of Dr. Miles Morgan, a consultative examining physician. AR 37. The ALJ gave Dr. Morgan's opinions "some weight" because he had the opportunity to examine the patient, but ultimately rejected Dr. Morgan's conclusions because they were internally inconsistent and relied heavily on Plaintiff's representations. Id. Plaintiff argues that the ALJ failed to lay out specific and legitimate reasons for doing so.

The Court, after review of the record, finds that the ALJ did give specific and legitimate reasons for rejecting part of the ALJ's report. The ALJ stated that his decision to reject Dr.

Morgan's conclusion was based on the internal inconsistencies within the report, as well as the fact that it relied heavily on the patient's own representations. AR 37.

Dr. Morgan concluded that Plaintiff "does not present as having the capacity to interact with supervisors, coworkers, or the general public," AR 291, while also noting that the Plaintiff sometimes goes to church, goes out to eat with her mother, attends group therapy, takes the city bus for transportation, does housework and yardwork, cooks on occasion, and takes care of her grandchildren. AR 290. The ALJ noted that Dr. Morgan's findings are "generally consistent" with the entire record, but the internal inconsistency between the conclusion and the findings is reason to discredit Dr. Morgan's conclusion. AR 37. The Court agrees with the Magistrate Judge that a reasonable person could conclude that Plaintiff's daily activities require Plaintiff to interact with the public, and Dr. Morgan's conclusion that Plaintiff is incapable of such interaction is inconsistent with his findings on that basis.

Additionally, Dr. Morgan expressed concern throughout his report that the Plaintiff was exaggerating, that her behavior seemed contrived, and that she could be malingering. AR 289-90. Despite this concern, Dr. Morgan based his conclusions "solely" on Plaintiff's representations of her own mental state. AR 291. The ALJ ultimately found Plaintiff not credible, providing sufficient basis to discount Dr. Morgan's conclusions. *See* Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that when a doctor's opinion is primarily based on a claimant's subjective comments about condition and the claimant is determined to be not credible, an ALJ can appropriately reject all or part of the report). Because Dr. Morgan's conclusion was solely based on statements from the Plaintiff, whom the ALJ found to be not credible, it was proper for the ALJ to find Dr. Morgan's conclusion to be less credible.

The ALJ also determined that Dr. Morgan's report was inconsistent with other medical opinions in the record. AR 37. The ALJ gave greater weight to Dr. Richman's opinion that Plaintiff had only mild limitations because of Dr. Richman's status as an expert psychiatric consultant and because nothing in the record contradicted his opinion. Id. Dr. Richman provided notes on his decision and took into account the opinion of Dr. Morgan and other medical records. AR 297. Courts may give greater weight to a consultative physician opinion when the

- 6 -

consultative physician bases his or her opinion on the examining doctor's opinion as well as the entirety of the record. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). When medical opinions are inconsistent, the opinions of non-treating, non-examining physicians may serve as substantial evidence to support the ALJ's decision to discount portions of a treating or examining physician's opinion. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Internal inconsistencies, inconsistencies between medical opinions, and heavy reliance on a not credible Plaintiff's representations are legitimate reasons for rejecting portions of an examining physician's conclusions in favor of a lower-weighted physician's opinion. Philippi v. Astrue, 2012 WL 2184562 at *1 (9th Cir. 2012) (holding internal inconsistencies, unsupported by examining physician's clinical findings, opinions based primarily on claimant's discredited subjective statements, and conflicting opinions in the record provide a legally sufficient basis for discrediting examining physician's opinion). Therefore, the Court finds the ALJ gave specific and legitimate reasons for rejecting Dr. Morgan's conclusions when determining Plaintiff's RFC.

### B. Discrediting Plaintiff's Testimony

Second, Plaintiff argues that the ALJ failed to articulate sufficient reasons for finding Plaintiff not credible. The ALJ found that Plaintiff had medically credible impairments that could reasonably be expected to cause the alleged symptoms, but that the Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible. AR 35. The ALJ may reject claimant testimony based on finding evidence of malingering. Benton ex rel Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003) (holding that an ALJ may only reject a plaintiff's testimony based on affirmative evidence of malingering or expressing clear and convincing reasons for doing so). The ALJ found Plaintiff engaged in "apparent malingering during the evaluation process," AR 36, and the Magistrate Judge found substantial evidence of malingering. ECF No. 22. This Court agrees with the Magistrate Judge's findings that there is substantial evidence in the record of Plaintiff malingering. Dr. Morgan's report stated several times that Plaintiff's behavior appeared to be "exaggerated," "contrived," or "dramatic." AR 287, 291. Dr. Morgan also noted that Plaintiff appeared not to put forth her best effort in various tests administered to test her mental capacity, and this apparent lack of effort made it difficult to

definitively determine her mental state. AR 288, 291.

In addition to substantial affirmative evidence of malingering, the ALJ listed other factors considered in determining Plaintiff was not credible. AR 35-37. In weighing the credibility of a claimant's statements, the ALJ may consider a claimant's "reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment." Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (internal citations omitted). The ALJ found that Plaintiff made inconsistent statements about cocaine use; that Plaintiff reported that she had ongoing stress and depression, but "consistently exhibited good focus and concentration, normal speech, good eye contact, and appropriate effect, and denied thoughts of self-harm or harm to others"; that Plaintiff's condition is reasonably controlled with medication and treatment, but she is inconsistent in taking her medication; and that Plaintiff had been warned not to use marijuana because of its negative interactions with her medication, but reported ongoing use to clinicians. AR 35. The Court finds that these reasons combined with the affirmative evidence in the record of malingering are clear and convincing reasons for the ALJ to find Plaintiff not credible.

V.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (ECF No. 22) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff Brinda A. Anderson's Motion for Reversal and/or Remand (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Acting Commissioner of Social Security's Cross Motion to Affirm (ECF No. 19) is **GRANTED**.

DATED this 17th day of August, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28